UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAMEO EDWARDS,

          Plaintiff,

  v.

BANK OF NEW YORK MELLON,

          Defendant.

CASE NO. 23-cv-5991 BHS

ORDER

THIS MATTER is before the Court on its own motion following the passage of time since the parties' May 16, 2024, Joint Status Report, Dkt. 20. That JSR informed the Court that plaintiff Edwards had prevailed in both underlying actions (the "foreclosure action" and the "reconveyance action") that defendant Bank of New York Mellon (BONYM's) commenced in state court to correct or undo its mistaken reconveyance. *See also* the Court's Order denying BONYM's motion to dismiss, Dkt. 19.

BONYM informed the Court that it intended to appeal at least the dismissal of its reconveyance action. It asked the Court to continue its stay of this case (Dkt. 19 at 10) until that process was complete. Dkt. 20 at 2. Edwards asserted that the conclusion of the

ORDER - 1

state court foreclosure action should permit this case to proceed, notwithstanding any appeal of the reconveyance action.

The Court denied BONYM's motion to dismiss on compulsory counterclaim/*res judicata* grounds, and abstained from proceeding in this case under *Colorado River*, because there was no final judgment in the underlying case that would support claim preclusion. Dkt. 19 at 8. It also pointed out that to the extent this case is based on conduct in state court, or an effort for this court to review any decision there, it is not viable, Dkt. 19 at 8, and that it was not clear that Edwards' conclusory claim that the amount in controversy "exceeded $75,000" effectively invoked this court's subject matter jurisdiction. *Id*. at 3 n1.

The parties are therefore **ORDERED** to file a renewed Joint Status Report addressing the following topics:

- The status of any appeals of the state court's judgments, including any known future deadlines or events;
- Any anticipated dispositive motions, and whether they can or should resolved prior to the resolution of the appeal(s);
- Any other developments in the case(s).

The parties should file the JSR by January 19, 2025.

In the meantime, the trial date and associated deadlines is **STRICKEN**. The Court will set a new schedule, if necessary, when the stay is lifted. The case remains **STAYED** pending the JSR.

**IT IS SO ORDERED**.

ORDER - 2

1  Dated this 17th day of December, 2024.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3